IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SIBU, LLC.**<br><br>                    Plaintiff,<br>v.<br><br>**BUBBLES, INC.**<br>                    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:12-cv-00187-DAK |

This matter is before the court on Defendant's Motion to dismiss for lack of personal jurisdiction and failure to state a claim whereupon relief can be granted, pursuant to Fed. R. Civ. P 12(b)(2) and Fed. R. Civ. P. 12(b)(6), respectively. The court held a hearing on the motion on July 10, 2012. At the hearing, Bubbles, Inc. ("Bubbles") was represented by Kathleen McDonald, and SIBU, LLC ("Plaintiff") was represented by Stephen Cobb. After carefully considering the pleadings, memoranda, and other materials submitted by the parties and the law and facts relating to this matter, and now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff is a Utah company that alleges the right to the SIBU trademark on hand and body lotions dating back to 2005. Plaintiff alleges in its Complaint that Bubbles violated SIBU's trademark rights by selling hand and body lotions using the name CIBU. Bubbles is a Virginia corporation, with its principal place of business in Vienna, Virginia. It does not have any salons

1

in Utah, does not target Utah, and does not offer special deals to Utah residents.

On or about May 13, 2003, Bubbles filed and received a trademark registration mark for "CIBU" for "hair care products, namely shampoos, conditioners, and styling preparations." Two years after Bubbles registered the CIBU mark, Plaintiff registered the marks "SIBU THE SEABUCKTHORN COMPANY"and "SIBU." The marks "SIBU The SEABUCKTHORN COMPANY" and "SIBU" were registered for "nutritional and dietary supplements for human consumption, nutritional and dietary supplements for livestock and domestic animal consumption; energy boosting dietary supplements; energy boosting herbal teas." In 2011, Plaintiff received a trademark registration for the mark "sibu" written in lower case letters and underneath four adjoining circles. This mark was for liquid beauty cream, moisturizing face cream, essential oils derived from seabuckthorn fruit and seeds, and anti-aging wrinkle serum. Plaintiff maintains that it has continued using the SIBU marks since 2005, and that its brand is famous, well known, and has distinctive marks. Plaintiff alleges Bubbles infringed on SIBU's trademark by offering identical goods or services (lotions and creams) under confusingly similar marks. On June 21, 2010, Bubbles filed a petition for cancellation of all or some of the SIBU marks, due to the likelihood of confusion.

On May 26, 2011, Plaintiff filed a complaint against Bubbles in this District, Case No, 211CV477DN. *See SIBU, LLC v. Bubbles, Inc.,* 2011 WL 628835 (D. Utah Dec. 5, 2011). Bubbles filed a motion to dismiss for lack of personal jurisdiction, arguing its contacts did not satisfy the minimum contacts requirement. *Id* at *3. On December 5, 2011, a court in this District dismissed the case for lack of personal jurisdiction. *Id* at *4.

On February 16, 2012, Plaintiff filed this action alleging trademark infringement and

unfair competition. Plaintiff asserts that the previous case was decided on different facts and issues than those currently before this court. Instead of a declaratory relief claim, Plaintiff claims the instant case involves an infringement tort claim. Bubbles' contacts with Utah are the same today as they were in 2011, except for two additional sales to one Utah resident.

## DISCUSSION

### MOTION TO DISMISS

When a court's jurisdiction is challenged, the plaintiff bears the burden of proof to establish personal jurisdiction over a nonresident defendant. *Far West Capital Inc. v. Towne,* 46 F.3d 1071, 1075 (10th Cir. 1995). However, when a motion to dismiss for lack of personal jurisdiction is made without an evidentiary hearing, and instead relies on affidavits and other written materials, the plaintiff's burden is only to establish a prima facie case that jurisdiction exists. *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir. 1995). All factual disputes are resolved in favor of the plaintiff when determining the sufficiency of this showing. *Wenz v. Memory Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital Inc* 46 F.3d at 1074.

Specific personal jurisdiction exists when a nonresident defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. *Burger King Corp. v. Rudzeqicz,* 471 U.S. 462, 472, 476-77 (1985). The court's evaluation of specific jurisdiction requires a three-part inquiry: (1) Defendant's acts or contacts must implicate Utah under the Utah long-arm statute;

(2) a nexus must exist between plaintiff's claims and defendant's acts or contacts; and (3) the application of the Utah long-arm statute must satisfy the requirements of federal due process. *System Designs, Inc. v. New Custom Ware Co.,* 248 F. Supp. 2d 1093, 1096-97 (D. Utah 2003). Utah's long-arm statute provides, in pertinent, part as follows:

> Any person ... who in person or through an agent does any of the following enumerated acts, submits himself ... to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>   (1) the transaction of any business within this state;
>   (2) contracting to supply services or goods in this state;
>   (3) the causing of any injury within this state whether tortious or by breach of warranty . . .

Utah Code Ann. § 78-27-24.  The statute broadly defines "transaction of business" to mean "activities of a non-resident . . in this state which affects persons or business within the State of Utah." *Id.* § 78-27-23(2). Case precedent also establishes that a Utah company's mere allegations of tortious injury by a non-resident competitor does not support the exercise of personal jurisdiction over a competitor under Utah's long-arm statute, absent allegations that the competitor committed alleged acts in Utah.  Utah Code Ann.§ 78-27-24(3); *Patriot Sys., Inc. v. C-Cubed Corp.,* 21 F. Supp. 2d 1318 (D. Utah 1998).

The Utah long-arm statute is intended to be interpreted broadly "so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." *System Designs,* 248 F. Supp. 2d at 1096-97; *see also Starways, Inc. v. Curry*, 980 P.2d 204, 206 (Utah 1999).  Accordingly, the Utah Supreme Court "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *SII MegaDiamond, Inc. v. American Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998).

4

Therefore, the court should first determine whether the exercise of personal jurisdiction over Bubbles meets federal due process standards.

Under due process standards, a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum state." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980) (citations omitted). The "minimum contacts" necessary for specific personal jurisdiction are established "'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that "arise out of or relate to" those activities.' " *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). If the defendant's activities create sufficient minimum contacts, the court then considers "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' " *Id.* (quoting *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 113 (1987)).

**A. Minimum Contacts Analysis**

*1. The Website*

Plaintiff argues that this court can find jurisdiction over Bubbles based on Bubbles' website. Bubbles is a Virginia corporation with its principal place of business in Vienna, Virginia. *Id* at *3. Bubbles does not operate any salons in Utah and has not conducted any direct business or advertising in Utah. *Id.* Bubbles' website does not specifically target Utah residents, offers no special deals for Utah residents, and has received minimal orders from within the state of Utah since 2007. *Id.*

Plaintiff alleges that this court has jurisdiction over this matter because an infringement tort claim falls under the Utah Long Arm Statute. However, case precedent establishes that a Utah company's mere allegations of tortious injury by a non-resident competitor does not support personal jurisdiction over a competitor under Utah's long-arm statute, absent allegations that the competitor committed alleged acts in Utah. Utah Code Ann. § 78-27-24(3); *Patriot Sys., Inc. v. C-Cubed Corp.,* 21 F. Supp. 2d 1318, 1321 (D. Utah 1998). Bubbles' actions were not aimed at the forum state, they did not anticipate harm would occur in Utah, and their actions were not intentionally directed at Utah. As Judge Nuffer stated in reference to Bubbles' website: "Bubbles connection with Utah via its website is "random," "fortuitous," and "attenuated" and the purchases are the result of "unilateral activity" of the Utah buyers." *Id*. Therefore, despite the unilateral activity coming from Utah, Bubbles committed no acts in Utah and did not purposefully avail itself to this jurisdiction.

*2. The Cancellation Action*

Plaintiff also claims that the Petition for Cancellation with the USPTO satisfies the minimum contacts required between Utah and Bubbles, because Plaintiff put the world on notice that it was a Utah company with the rights to SIBU. *System Designs*, 248 F. Supp. 2d at 1098. However, in *System Designs,* Judge Cassell found that finding a Utah company through a search would be a warning "it might be subject to suit in Utah if it chooses to use that mark."*Id.* at 1099. The other requirements of personal jurisdiction still must be satisfied. In regards to the cancellation, Judge Nuffer stated, "a defendant's reasonable, good faith actions to protect its alleged rights . . . do not constitute express aiming at the forum sufficient to establish the constitutionally required minimum contacts with the forum." *SIBU, LLC,* 2011 WL 628835, at

6

*4. This court similarly concludes that the cancellation does not establish minimum contacts with Utah.

**B. No Logical Nexus Between Bubbles and Utah**

Even if the website and cancellation action were sufficient to establish minimum contacts with Utah, a logical nexus must arise out of or relate to Bubbles' contacts with this jurisdiction. *System Designs*, 248 F. Supp. 2d at 1104. Plaintiff alleges that a logical nexus exists because Bubbles knew, or should have known, that SIBU was a Utah company when it filed for cancellation of the SIBU marks. However, this court agrees with Judge Nuffer's prior analysis that "the cancellation does not establish a nexus, because it is a protection of Bubbles' rights. If the cancellation action could be a nexus, Bubbles would be subjected to jurisdiction in Utah by SIBU's actions in adopting its marks. This would shift control of jurisdiction from the defendant." *SIBU, LLC,* 2011 WL 628835, at *4.

## Conclusion

For the foregoing reasons, Bubbles' motion to dismiss is GRANTED. Without personal jurisdiction in this matter, it is unnecessary for this court to discuss whether or not Plaintiff properly pleaded its claims. The Clerk of Court is directed to close this case.

DATED this 27th day of July, 2012.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge